UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

Case No.:

STEVEN HAUSHERR and DIANE HAUSHERR,

   *Plaintiffs*,

v.

FIRST PROTECTIVE INSURANCE COMPANY,

   *Defendant*.

_____/

## COMPLAINT AND DEMAND FOR APPRAISAL

Plaintiffs, STEVEN HAUSHERR and DIANE HAUSHERR, by and through undersigned counsel, bring this action against Defendant, FIRST PROTECTIVE INSURANCE COMPANY, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1332(a)(1) because it involves claims arising under federal law as well as because the action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of court costs, prejudgment interest, and attorney fees.

2. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that each cause of action accrued in Lee, County, Florida, which is situated in this district.

## GENERAL ALLEGATIONS

3. This is a flood insurance claim under the National Flood Insurance

Program and, pursuant to 42 U.S.C. §4072 and 44 C.F.R. Part 61, App. A(1), Article VII(R), the United States District Court for the district in which the insured property is located is vested with original subject matter jurisdiction, without regard to the amount in controversy, over cases arising out of insurance claims arising under the National Flood Insurance Program.

4. Plaintiffs are the owners of residential real property in Lee County, Florida, located at 571 Carlos Circle, Fort Myers Beach, Florida, 33931.

5. Defendant is a foreign for-profit private insurance company that is a First Protective Insurance Company, meaning that it is a private insurer authorized by the Federal Emergency Management Agency to provide standard flood insurance policies in its own name.

6. In consideration of a premium paid by Plaintiffs, Defendant issued a standard flood insurance policy (Dwelling Policy Form) to Plaintiffs, which was in full which insured the Plaintiff's dwelling against certain flood losses. The insurance policy bears NFIP Policy Number FPH3-000152518 (the "Policy"). A true and correct copy of the declarations page of the policy is attached hereto as **Exhibit "A"**.

7. The Policy provides for appraisal as a means of alternative dispute resolution. In pertinent part the Policy states:

> If you and we fail to agree on the actual cash value or, if applicable, replacement cost of your damaged property to settle upon the amount of loss, then either may demand an appraisal of the loss. In this event, you and we will each choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that

>   the choice be made by a judge of a court of record in the state where the insured property is located. The appraisers will separately state the actual cash value, the replacement cost, and the amount of loss to each item. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of actual cash value and loss, or if it applies, the replacement cost and loss.

8. Prior to filing this action, Plaintiffs sent a demand for appraisal to Defendant.

9. Alternatively, Federal Code of Regulations 42 C.F.R. §62.23 permits the Plaintiffs to initiate this action against Defendant directly in the place of the Director of the Federal Emergency Management Association.

10. On or about September 28, 2022, Hurricane Ian passed through Lee County, Florida, causing Plaintiffs' dwelling to flood, as that term is defined under the standard flood insurance policy, and causing damage to Plaintiff's dwelling.

11. Plaintiff timely notified Defendant of the loss sustained, provided Defendant with all the details surrounding the loss, allowed Defendant to study, inspect, and survey the property, and submitted to Defendant a sworn proof of loss and estimate of damage, thus complying fully with all provisions of the Policy relating to giving notice of the loss and cooperating in the investigation of the loss. Plaintiff then made demand upon Defendant to honor its obligations under the Policy and pay benefits owed pursuant to the Policy.

12. Thereafter, on or about November 17, 2023, Defendant underpaid the value of Plaintiffs' Hurricane Ian claim.

13. Plaintiffs estimate their amount of flood damage is $156,740.09 after application of the deductible but not including prior payments by Defendant.

14. Plaintiffs have complied with all conditions precedent to the filing of this action and/or that have been waived by Defendant.

15. As a result of Defendant's actions Plaintiffs have been required to engage the services of undersigned counsel and pay reasonable attorney fees to same.

**COUNT I – DECLARATORY RELIEF TO COMPEL APPRAISAL[1]**

16. Plaintiffs re-allege and reincorporate Paragraphs 1 through 15 as if stated herein.

17. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201; specifically the Plaintiffs request for this Court's declaration of the Parties' rights, duties and responsibilities as to appraisal under the Policy.

18. Plaintiffs invoked appraiser prior to the filing of this action and a desirous of completing said appraisal with Defendant.

19. There exists an ongoing and justiciable dispute between the Plaintiff and Defendant with respect to the process of appraisal in light of the particular facts and circumstances.

20. In accordance with the Federal Declaratory Judgment Act, the Plaintiffs have genuine concerns and questions about their rights and the Defendant's duties under the Policy; thus, it is seeking from this Court a judicial declaration of those rights, duties, and responsibilities.

---

[1] This action is brought in the event that Defendant refuses Plaintiffs pre-suit demand for appraisal and shall not be considered a waiver of Plaintiffs' right to invoke appraisal under the terms of the Policy.

21. There exists a present, ascertained set of facts, and/or a present controversy concerning said facts, that requires this Court's declaration of the Parties' rights and obligations under the Policy.

22. Both the Parties have actual and adversarial interests in the Policy and the subject Insurance Claim before this Court.

23. The Plaintiffs seek, among other things, this Court's declaration that (i) the Plaintiffs properly invoked their right to appraisal; (ii) that the Defendant previously acknowledged some coverage for the flood loss; (3) and that appraisal is a proper form of alternative dispute resolution available per the terms of the Policy.

24. In invoking this Court's jurisdiction pursuant to the Federal Declaratory Judgment Act, the Plaintiffs specifically request this Court retain jurisdiction for the purpose of awarding any and all supplemental relief.

25. All parties having any interest in, and/or otherwise adversely affected by this Declaratory Action are joined in this action.

**WHEREFORE**, Plaintiffs, STEVEN HAUSHERR and DIANE HAUSHERR, respectfully request that this Court declare the Parties rights, responsibilities, and duties under the Policy in this action, including but not limited to, this Court's:

(a) Finding that the Plaintiffs properly invoked appraisal prior to the filing of this suit;

(b) That the Policy contains an enforceable appraisal clause;

(c) Compelling the appointment of a party-appointed appraiser by Defendant;

(d) Finding that in accordance with Florida law and the Policy, the parties Appraisal Panel shall have authority to determine the amount of the Loss

and said finding shall be binding upon the Parties;

(e) Authority to adjudicate such other relief as this Court deems just and proper.

**COUNT II – BREACH OF CONTRACT**
*Brought in the Alternative and*
*Only to the Extent the Parties Do Not Attend Appraisal*

26. Plaintiffs re-allege and reincorporate Paragraphs 1 through 15 as if stated herein.

27. This is an action for damages resulting from Defendant's breach of the Policy.

28. The Policy is a binding contract between the Parties.

29. Defendant's failure and refusal to honor the full extent of Plaintiffs' claim or pay all benefits due and owing to Plaintiffs and loss-payees/third-party beneficiaries listed on the Policy constitutes a material breach of the Policy.

30. As a direct and proximate result of Defendant's breach of the Policy, Plaintiff has suffered and continues to suffer damages as recoverable under the Policy, including the cost to repair and replace the damage to the dwelling and all other damages recoverable under the Policy.

31. As a direct and proximate consequence of the Defendant's breach of said contract, the Plaintiff has not been fully paid or compensated for damage to his insured property and will incur attorney fees, case expenses and costs to collect the correct amount due under their policy. Since FEMA, a federal agency, is responsible for and will be obligated to pay any judgment entered as a result of this action,

Plaintiff is claiming attorney fees, case expenses and costs due under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Plaintiff may also incur attorney fees, case expenses and costs in seeking payment under EAJA.

**WHEREFORE**, Plaintiffs, STEVEN HAUSHERR and DIANE HAUSHERR, demand judgment against Defendant for money damages, together with costs of suit, attorney's fees, and all other relief this Court deems just and proper.

## CERTIFICATE OF SERVICE

**I DO HEREBY CERTIFY** that a true and correct copy of this document will be served on the Defendant along with the Summons in this action.

DATED: December 27, 2023               Respectfully submitted by:

By: */S/ David M. Sholl*
David M. Sholl, Esq.
FBN: 0114791
**THE SHOLL FIRM, PLLC**
7000 West Palmetto Park Road
Suite 210
Boca Raton, FL 33433
Telephone: (754) 202 - 5116
david@peoplefirstlegal.com
alessandra@peoplefirstlegal.com
pleadings@peoplefirstlegal.com
*Counsel for Plaintiffs*